IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| NATHAN FREMONT GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF GALLATIN, OFFICER NEWTON, GALLATIN COUNTY DETENTION CENTER, and GALLATIN COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendants. | CV 17-13-BU-BMM-JCL<br><br><br>ORDER, and FINDINGS AND RECOMMENDATION |

## I.    Introduction

Plaintiff Nathan Green, appearing pro se, alleges that on March 24, 2014, while he was incarcerated at the Gallatin County Detention Center, Defendant Officer Newton refused to allow him to use a toilet for an undefined period of time between breakfast and lunch.  He states he had not made his bed before breakfast and, therefore, Newton locked him out of his cell as "creative punishment" against Green for not making his bed, thereby preventing Green from being able to use the toilet in his cell – the only toilet that was available for his use.

At some point later, after Green alleges he was "severely uncomfortable" and he experienced pain and "cramps in [his] lower abdomen", Newton negotiated a solution to the situation with Green.  Green agreed to wash windows as an

"alternative punishment" for not making his bed, and Newton allowed Green to use the toilet.

Green explains that later, when Newton directed him to wash windows, he refused to do so.  He was disciplined for his refusal.  Newton contacted Green's probation officer, and although Green was scheduled to be released from custody that day, his probation officer made the decision to continue to detain Green for an additional period of time.[1]

## II.   Discussion

The Court previously granted Green leave to prosecute this action in forma pauperis as permitted under 28 U.S.C. § 1915(a).  Therefore, the Court must screen his allegations in his pleading to determine whether they are subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2).  Specifically, the Court must dismiss allegations if they fail to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

But because Green is proceeding pro se the Court must construe his

---

[1]Although Green complains about the resulting additional days in custody as punishment for his conduct and his refusal to wash windows, his allegations make clear that it was his probation officer – Jamie Micheals – who made the decision to impose that punishment, not Newton.  Green has not named Mrs. Micheals as a defendant in this action and, therefore, the Court will not address Green's concern about the additional days of punishment as a separate legal claim advanced in this action.

pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Green asserts in his complaint that his claim arises from Newton's alleged violations of his civil rights. Liberally construed, Green's claims are cognizable under 42 U.S.C. § 1983, thereby invoking the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Section 1983 permits claims under federal law against a local governmental entity, or a state official or employee, if the plaintiff can establish that the defendant was (1) acting under color of state law, and (2) deprived the plaintiff of a federal right secured by the Constitution or laws of the United States. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

## A.  **Defendant Newton**

On October 12, 2017, Green filed a statement, as directed by the Court, clarifying that at the time of his incident with Newton he was in Gallatin County's

Treatment Court program while serving his sentence of probation.  Therefore, the

Court assumes for purposes of this Order that the Fourteenth Amendment, as

opposed to the Eighth Amendment, provides the applicable legal standards under

which the Court must analyze Newton's conduct.  (*See* Doc. 6 at 5.)  *See also*

*Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003).

      With respect to pretrial detainee's rights under the Fourteenth Amendment,

the import of the Due Process Clause of the Amendment means that "pretrial

detainees (unlike convicted prisoners) cannot be punished at all[.]"  *Kingsley v.*

*Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2475 (2015).  *See also Bell v. Wolfish*,

441 U.S. 520, 535 (1979).  Because Green alleges Newton acted to "punish" him,

the Court finds the allegations, liberally construed, state a claim upon which relief

could be granted if proven true.

### B.    <u>Other Individual Defendants - Supervisor's/Administrator's Personal Acts</u>

      Green also seeks to assert claims against supervisory or administrative

individuals.  He lists as additional Defendants "any individual responsible for

supervising or training Officer Newton[.]"  (Doc. 1-1 at 4.)

      But supervisory officers and individuals can only be held liable under

section 1983 if they themselves personally violated a constitutional right.  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 683 (2009).  A supervisor may be liable:

> if there exists either (1) his or her personal involvement in the constitutional
> deprivation, or (2) a sufficient causal connection between the supervisor's
> wrongful conduct and the constitutional violation.

*Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation and citation

omitted).

More specifically, a supervisor may be liable:  (1) for setting in motion a

series of acts by others, or knowingly refusing to terminate a series of acts by

others, which they knew or reasonably should have known would cause others to

inflict constitutional injury; (2) for culpable action or inaction in training,

supervision, or control of subordinates; (3) for acquiescence in the constitutional

deprivation by subordinates; or (4) for conduct that shows a reckless or callous

indifference to the rights of others.  *Larez v. City of Los Angeles*, 946 F.2d 630,

646 (9th Cir. 1991).

With respect to a supervisor's conduct in failing to train subordinates, a

plaintiff's allegations must plausibly suggest that each individual supervisor's

failure to train amounts to deliberate indifference "to the need to train

subordinates, and the lack of training actually caused the constitutional harm or

deprivation of rights."  *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th

Cir. 2014).

Green's pleading contains no factual allegations describing any particular

5

supervisor's actual conduct.  His bare allegations do not include sufficient facts asserting that any individual supervisor engaged in conduct that would subject the supervisor to liability for a violation of Green's constitutional rights.  Thus, his allegations are subject to dismissal.  Nonetheless, the Court will give him an opportunity to amend his allegations in an effort to plead sufficient facts to state a claim for relief against a particular supervisor.

### C.   Gallatin County

Green seeks to hold Gallatin County liable for the Newton's alleged punishment of him.  Although a local governmental entity such as the County can be held liable under section 1983 (*Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978)), such liability arises only if "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

The Ninth Circuit has identified the following requirements for municipal liability:

> [t]o impose municipal liability under § 1983 for a violation of constitutional rights plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and, (4) that the policy is the 'moving force behind the constitutional violation.'"

*Plumeau v. School District #40*, 130 F.3d 432, 438 (9th Cir. 1997) (citation

6

omitted).

Green suggests Gallatin County failed to properly train Newton relative to punishment matters and an inmate's use of a toilet.  In some cases, a governmental entity may be held liable for "acts of omission," like failing to develop and implement policies and procedures, or failing to adequately train its employees. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010), overruled on other grounds by *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

To impose liability for a governmental entity's failure to act, "the government's omission must amount to 'deliberate indifference' to a constitutional right." *Clouthier*, 591 F.3d at 1249.  This standard is met when "the need for more or different training" or the need for policies and procedures "is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [local governmental entity] can reasonably be said to have been deliberately indifferent to the need." *Clouthier*, 591 F.3d at 1249 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)).  The failure must amount to the "deliberate indifference to the rights of persons with whom the [county officers] come into contact." *Sheenan v. City and County of San Francisco*, 743 F.3d 1211, 1230 (9th Cir. 2014) (quotation and citation omitted).  "Only where a

failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983." *Clouthier*, 591 F.3d at 1250 (quoting *City of Canton*, 489 U.S. at 389).

Green's allegations relative to Gallatin County's alleged conduct are insufficient to state a claim for relief under the standards discussed, and those claims are subject to dismissal.  But the Court will allow him to file an amended complaint to cure the defects in his allegations.

### D. <u>Gallatin County Detention Center and Gallatin County Sheriff's Department</u>

Green names the Gallatin County Detention Center and the Gallatin County Sheriff's Department as Defendants, but the detention facility and sheriff's department are not entities capable of being sued.  In Montana, a detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center."  Mont. Code Ann. § 7-32-2120(1).  A detention facility is merely a building that cannot be sued.  *Barnes v. Missoula County Detention Facility*, 2008 WL 5412448 (D. Mont. 2008).  Thus, to the extent Green identifies the Gallatin County Detention Center as an independent Defendant, it is subject to dismissal.

With respect to the Gallatin County Sheriff's Department, for the reasons discussed, the Court finds it is a departmental subunit of Gallatin County lacking

the capacity to be sued.

In general, pursuant to Fed. R. Civ. P. 17(b), a particular defendant's capacity to be sued in federal court is determined by the law of the state where the court is located. *Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). Thus, the Court looks to Montana law to determine whether the Sheriff's Department is a viable defendant.

Montana law establishes a statutory structure for subjecting state, county, city, and municipal governmental entities to liability. In specified circumstances "[e]very governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties[.]" Mont. Code Ann. § 2-9-102. For purposes of this liability, a "governmental entity" includes "the state and political subdivisions." Mont. Code Ann. § 2-9-101(3). A "political subdivision", in turn, is "any county, city, municipal corporation, school district, special improvement or taxing district, other political subdivision or public corporation, or any entity created by agreement between two or more political subdivisions." Mont. Code Ann. § 2-9-101(5).

As a "political subdivision" of the State of Montana, Gallatin County may "sue and be sued[.]" Mont. Code Ann. §§ 7-1-2101(1) and 7-1-2103(1).

But the Gallatin County departments, by contrast, are not included within

9

the definitions of a "governmental entity" or a "political subdivision" and,

therefore, are not included within the category of entities that are subject to

liability under Mont. Code Ann. § 2-9-102.  Consequently, only Gallatin County,

and not its individual county departments, would be subject to liability for the torts

of its officers and employees within the various departments of the county.  Mont.

Code Ann. § 2-9-102.

Furthermore, the Gallatin County departments are not separately subject to

liability for Green's federal claims advanced under 42 U.S.C. § 1983.  Section

1983 imposes liability against every "person" as follows:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured[.]

42 U.S.C. § 1983.

For purposes of liability under section 1983, "municipalities and other local

governmental units" are "persons" within the meaning of the statute, and can be

sued for damages.  *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978).

But the subunits or departments of those local governmental units are not

"persons" "distinct from the government[al unit] at large."  *Burkhart v. Knepper*,

310 F. Supp. 2d 734, 738 (W.D. Pa. 2004) (citations and quotations omitted).  For

purposes of section 1983 liability, those subunits or departments are merely the "vehicle[s] through which the [governmental entity] fulfills its [...] functions." *Id.* Thus, where a subunit or department of a governmental entity has no legal existence separate from the larger governmental entity, it is not a "person" under section 1983, and is subject to dismissal. *Stump v. Gates*, 777 F. Supp. 808, 815 (D. Colo. 1991). *See also Brandon v. Holt*, 469 U.S. 464, 472 (1985) (noting that absent the separate legal existence of a governmental entity's department, a suit against that department is construed as a suit against the governmental entity) (citing *Monell*, 436 U.S. at 690 n.55). A governmental entity's department or subunit is an inappropriate party to a section 1983 action. *Alston v. County of Sacramento*, 2012 WL 2839825, *2 (E.D. Cal. 2012). Section 1983 claims against those departments or subunits are unnecessary as they are duplicative of the claims against the larger governmental entity of which they are a part. *Carroll v. City of Hercules*, 2012 WL 1122019, *2 (N.D. Cal. 2012).

Because the Gallatin County Sheriff's Department does not exist as a governmental entity or political subdivision with the capacity to be sued under Montana law (Mont. Code Ann. §§ 2-9-101(3) and (5) and 2-9-102), it is not a proper defendant with respect to Green's section 1983 claims, and it must be dismissed.

III.   **Conclusion**

Based upon the foregoing, IT IS RECOMMENDED that Defendants

Gallatin County Detention Center and Gallatin County Sheriff's Department be

DISMISSED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Green may file objections to these Findings and Recommendations within

fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to

timely file written objections may bar a de novo determination by the district judge

and/or waive the right to appeal.

This recommendation is not immediately appealable to the Ninth Circuit

Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not

be filed until entry of the District Court's final judgment.

Although Green's pleading states a viable due process claim against

Defendant Newton, the balance of his allegations against the remaining Defendants

are deficient as pled, and his allegations to state any claim for relief under section

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Green is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

1983 because he has not set forth sufficient facts to establish the liability of any of the other Defendants identified.  But the Court will afford him an opportunity to file an amended complaint.

In drafting his amended complaint Green must keep in mind that Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Lengthy, detailed and "[s]pecific facts are not necessary; the statement need only [...] give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Although the rules require only a short and plain statement, to establish liability for violations of a plaintiff's civil rights committed by a person acting under color of state law the plaintiff must still set forth certain basic facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Thus, in any complaint the plaintiff need only write short, plain statements which concisely describe:  (1) the federal or constitutional right plaintiff believes was violated; (2) the name of the defendant(s) who violated the right; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of plaintiff's federal or constitutional

right; and (5) what injury plaintiff suffered because of that defendant's conduct.

Therefore, IT IS ORDERED that on or before **December 14, 2017,** Green shall file an amended complaint to cure the deficiencies identified in this order.  The Clerk of Court is directed to provide him with a form for filing an amended complaint.  Pursuant to Fed. R. Civ. P. 8(a), Green's amended complaint shall set forth a short and plain statement of his claims against each individual defendant showing that he is entitled to relief.

Green is cautioned, however, that if he fails to file an amended complaint the Court will recommend that the claims identified for dismissal will be dismissed for the reasons stated in this Order.

At all times during the pendency of this action, Green shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Green is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  The Court may dismiss this case under Rule 41(b) *sua sponte*

under certain circumstances.  *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 17th day of November, 2017.

Jeremiah C. Lynch
United States Magistrate Judge

15