# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| NATHAN FREMONT GREEN, | |
| Plaintiff, | CV-17-13-BU-BMM |
| vs. | |
| COUNTY OF GALLATIN, OFFICER NEWTON, GALLATIN COUNTY DETENTION CENTER, and GALLATIN COUNTY SHERIFF'S DEPARTMENT, | **ORDER** |
| Defendants. | |

Plaintiff Nathan Green (Green) is a state prisoner proceeding *pro se.* Green filed a Complaint on March 15, 2017. (Doc. 1). The named Defendants are Gallatin County, Correction Officer Newton, the Gallatin County Detention Center, and the Gallatin County Sheriff's Department. *Id.* Green alleges that the Defendants violated his rights under the United States Constitution in contravention of 42 U.S.C. § 1983. *Id.* Green alleges that the Defendants are liable because Defendant Newton refused to allow him to use the toilet in his cell for an undefined period of time as punishment for not making his bed before breakfast. (Doc. 1-1 at 1).

United States Magistrate Judge Jeremiah Lynch conducted an initial screening of Green's Complaint under 28 U.S.C. § 1915. (Doc. 10 at 2). Judge Lynch determined that the Complaint failed to state cognizable claims against the Gallatin County Detention Center and the Gallatin County Sheriff's Department. (Doc. 10 at 8-12). Judge Lynch explained why the Complaint failed to state cognizable claims for relief against the Gallatin County Detention Center and the Gallatin County Sheriff's Department. *Id.*

Judge Lynch issued Findings and Recommendations in this matter on November 17, 2017. (Doc. 10). Judge Lynch recommended that the Court dismiss Green's claims against the Gallatin County Detention Center and the Gallatin County Sheriff's Department. (Doc. 10 at 12). Green filed a response to Judge Lynch's Findings and Recommendations on April 30, 2018. (Doc. 15). Green conceded that the claims against the Gallatin County Detention Center and the Gallatin County Sheriff's Department should be dismissed. (Doc. 15 at 4).

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full. The Gallatin County Detention Center and the Gallatin County Sheriff's Department are not entities capable of

being sued. A detention center is not an entity. A detention center is a building. Montana law defines a detention center as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center." Mont. Code Ann. § 7-32-2120(1). A building cannot be sued. *Barnes v. Missoula County Detention Facility*, 2008 WL 5412448, *1 (D. Mont. 2008).

The Gallatin County Sheriff's Department does not exist as a governmental entity or political subdivision with the capacity to be sued. *See* Mont. Code Ann. §§ 2-9-101(3), (5) and 2-9-102. The Gallatin County Sheriff's Department is a departmental subunit of Gallatin County. Governmental departments are not subject to liability under 42 U.S.C. § 1983. *See Burkhart v. Knepper*, 310 F. Supp. 2d 734, 738 (W.D. Pa. 2004); *Stump v. Gates*, 777 F. Supp. 808, 815 (D. Colo. 1991); *Alston v. County of Sacramento*, 2012 WL 2839825, *2 (E.D. Cal. 2012). Section 1983 claims against departments or subunits are unnecessary as they are duplicative of claims against the larger governmental entity of which they are a part. *See Carroll v. City of Hercules*, 2012 WL 1122019, *2 (N.D. Cal. 2012).

Accordingly, IT IS ORDERED:

Green's claims against the Gallatin County Detention Center and the

Gallatin County Sheriff's Department are DISMISSED with prejudice.

DATED this 18th day of June, 2018.

Brian Morris
United States District Court Judge