IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| NATHAN FREMONT GREEN, | CV 17-13-BU-BMM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| COUNTY OF GALLATIN, OFFICER NEWTON, GALLATIN COUNTY DETENTION CENTER, AND GALLATIN COUNTY SHERIFF'S DEPARTMENT, | |
| Defendants. | |

Before the Court is Defendants Gallatin County and Officer Newton's Fed. R. Civ. P. 56 motion for summary judgment dismissing Plaintiff Nathan Green's complaint for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e. For the reasons discussed, the Court recommends the motion be granted and this action dismissed without prejudice.

## I.     **Background**

The following description of the facts of this case is taken from Plaintiff Nathan Green's complaint. The description is not intended to conclusively establish undisputed facts.

Green, appearing pro se in this action, alleges that on March 19, 2014, while

1

he was incarcerated at the Gallatin County Detention Center, Defendant Officer Newton refused to allow him to use a toilet for an undefined period of time between breakfast and lunch. He states he had not made his bed before breakfast and, therefore, Newton locked him out of his cell as "creative punishment" against Green for not making his bed, thereby preventing Green from being able to use the toilet in his cell – the only toilet that was available for his use.

At some point later, after Green alleges he was "severely uncomfortable" and he experienced pain and "cramps in [his] lower abdomen", Newton negotiated a solution to the situation with Green. Green agreed to wash windows as an "alternative punishment" for not making his bed, and Newton allowed Green to use the toilet.

Green explains that later, when Newton directed him to wash windows, he refused to do so. He was disciplined for his refusal.

## II.   <u>Applicable Law</u>

Defendants' motion is filed under Fed. R. Civ. P. 56(a) which entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

(1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

And because Green is proceeding pro se the Court must construe his documents liberally and give them "the benefit of any doubt" with respect to Defendants' summary judgment motion. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). *See also Erickson v. Pardus* 551 U.S. 89, 94 (2007).

## III.   <u>Discussion</u>

Defendants' motion for summary judgment requests dismissal of Green's claims pursuant to 42 U.S.C. § 1997e(a) which prohibits a prisoner from bringing a section 1983 action until after "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). This exhaustion requirement is mandatory (*Woodford*, 548 U.S. at 85), and absent exhaustion of administrative remedies before the prisoner commences the action the case is subject to dismissal without prejudice. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

The exhaustion requirement in § 1997e(a) requires a plaintiff to give an agency a fair and full opportunity to adjudicate a claim. *Woodford*, 548 U.S. at 90. This means the plaintiff must complete the available administrative remedy process by "using all steps that the agency holds out[.]" *Id.* (citation and quotation omitted). "To satisfy the exhaustion requirement, a prisoner ordinarily must

3

exhaust his administrative appeals to the highest available level of review[.]" *Collier v. Brown*, 635 F. Supp. 2d 1144, 1151 (C.D.C. 2009).

The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Once the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted).

Green was incarcerated at the Montana State Prison at the time he filed this action. (Doc. 1 at 2). Therefore, he was a "prisoner" for purposes of the exhaustion requirements. 42 U.S.C. § 1997e(h).

As noted, Green was disciplined when he refused to wash windows as he had previously promised Newton. Thus, Defendants first argue Green has not exhausted his administrative remedies relative to the disciplinary proceedings that were prosecuted against him.

4

But the Court does not construe Green's complaint as advancing legal claims against Defendants for the disciplinary action they took against Green. And Green confirms in his response brief that he does not challenge those disciplinary proceedings in this action. (Doc. 38 at 3 of 8.) Thus, Defendant's motion is moot to the extent it argues Green failed to exhaust administrative remedies relative to his resulting discipline.

With respect to Newton's alleged conduct in preventing Green from using the toilet on March 19, 2014, Defendants' arguments assert Green never utilized the grievance system available to him at the Gallatin County Detention Center. Specifically, the affidavit of Jason Jarrett affirmatively establishes the Detention Center had a grievance system available to Green. (Doc. 35-4 at ¶ 17.) Jarrett asserts the grievance system "does not place a time limit on when inmates can file their grievances." (Doc. 35-4 at ¶ 23.) And Jarrett states that Green never submitted a grievance relative to the events on March 19, 2014, involving Newton's alleged conduct. (Doc. 35-4 at ¶ 31.)

Green presents various arguments in opposition to Defendants' summary judgment motion. First, he asserts he understood there was a 24-hour deadline for filing a grievance, and that he was locked in a cell for more than 24 hours after Newton's alleged conduct on March 19, 2014. In support of his argument he references the language contained on the form he signed following his disciplinary

proceedings. (Doc. 35-7.) But the Court finds that language imposes a 24-hour deadline only for appealing the disciplinary decision imposed against him, not a deadline for filing an original grievance. (*Id.*) Instead, as noted, Defendants represent there is no time limit for filing a grievance.

Next, Green asserts there were aspects of the grievance procedures that were confusing to him. As already discussed, Green asserts he was confused as to the deadline for filing a grievance. He first understood there was a 24-hour deadline. Green points out that now Defendants assert in their summary judgment motion there is no deadline. And finally, in his response brief, Green cites to a provision in the Gallatin County Detention Center "Inmate Manual" which states that a grievance can be rejected if it is "[f]iled more than one month after the incident[.]" (Doc. 35-9 at 1 of 2.) Therefore, based on the information now presented to him, Green suggests he was confused as to which of the three identified deadlines applied to his grievance.

But the Court finds Green's purported confusion as to which deadline applied to his grievance did not prevent him from filing a grievance in March, 2014. It is only now, when Green filed his response brief, that he learned of the other conflicting or alternative deadlines. Green states that as of March, 2014, he believed there was a 24-hour deadline. The fact that he now has learned of two other alternative deadlines did not create confusion for him in March, 2014. The

alleged confusion he now has did not render the grievance procedures ineffective,

unobtainable, unduly prolonged, inadequate, or obviously futile in March, 2014.

Finally, Green argues the grievance procedures are confusing because they

required him to prepare a "written grievance" to be submitted through the

electronic kiosk available to inmates at the at the Gallatin County Detention

Center. (*See* Doc. 35-8 at 2 of 2.) He contends the written grievance has to be on

paper and, therefore, could not be submitted through the electronic kiosk.

The Court disagrees that the grievance procedures required a written

grievance submitted on paper. The language of the policy does not so require.

(Doc. 35-8 at 2 of 2.) Clearly a written document can be typed and created

electronically and "submitted […] through the kiosk" as required by the

procedures. (Doc. 35-9 at 1 of 2.) Green's asserted confusion about filing a written

grievance electronically is unreasonable, and cannot be deemed to have made the

grievance system ineffective, unobtainable, unduly prolonged, inadequate, or

obviously futile.

Finally, Green states that in response to Defendants' summary judgment

motion, when he learned from Defendants that there is no deadline for filing his

grievance, on December 10, 2018, Green submitted a grievance to the Gallatin

County Detention Center complaining of Newton's conduct on March 19, 2014.

Therefore, he argues he is now exhausting the administrative remedies available to

him and, therefore, this action should not be dismissed under section 1997e. But Green's argument is contrary to Ninth Circuit decisional law.

The language of the exhaustion requirement in 42 U.S.C. § 1997e clearly requires that an inmate must exhaust available administrative remedies prior to filing a lawsuit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). An inmate's conduct in exhausting administrative remedies after filing the lawsuit and during the pendency of the litigation does not satisfy the section 1997e exhaustion requirement and subjects the action to dismissal. *Id*. *See also Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017) (confirming the rule in *McKinney*).

Based on the foregoing, the undisputed facts as confirmed by Green establish that he did not exhaust his administrative remedies at the Gallatin County Detention Center prior to filing this lawsuit. Green confirms he only sought to pursue a grievance after he filed this action.[1]  Therefore, Green's claims under 42 U.S.C. § 1983 are subject to dismissal for failure to exhaust administrative remedies.

---

[1]On April 10, 2019, Green filed a notice providing updated information as to the status of his grievance. On March 6, 2019, the Office of the Sheriff of Gallatin County issued its final decision denying Green's appeal of the denial of his grievance. But even assuming Green has exhausted his administrative remedies, those circumstances do not change the application of the rule in *McKinney* and the rationale behind the rule as explained in *McKinney*.

## IV.   Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants Gallatin County and Newton's motion for summary judgment be GRANTED, and this action be DISMISSED without prejudice pursuant to 42 U.S.C. § 1997e(a).

If the presiding District Judge adopts this recommendation, then the Clerk of Court should be directed as follows:

1. Close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

2. Make a docket entry reflecting that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATIONS,
### AND OF CONSEQUENCES OF FAILURE TO OBJECT

Green may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636. Failure to

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Green is being served by mail, he is

timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of April, 2019.

Jeremiah C. Lynch
United States Magistrate Judge

---

entitled an additional three (3) days after the period would otherwise expire.